Den, ex dem. Bickham, v. Pissant and Lardner.

[220] DEN, EX DEM. BICKHAM, v. PISSANT AND LARDNER.

1. The minutes and proceedings of the council of proprietors, in a dispute about a vacancy, are not evidence. They are only admissible when constitutionally requisite to give validity to locations.

2. An agreement of parties that a certain map should be filed in the surveyor general's office, does not entitle it to be admitted in evidence as a record.

3. The statute of limitations of James does not apply to New Jersey, and an ejectment may therefore be brought after twenty years' adverse possession.

4. Depositions taken under the act of August 30th, 1784, are not evidence if taken when no suit is pending. *Semble*, that they are not evidence at all in actions of ejectment.

5. If a juror challenged is sworn on his *voir dire*, and does not disclose any interest, the party challenging may prove the interest by other testimony.

6. A juror has no right to challenge himself; and though a good cause of challenge subsists, yet if neither party will take advantage of it, the court cannot reject him.

7. *Query.* Whether the statutes of maintenance prevent a person, who has purchased rights, from laying them upon lands which have never been surveyed, though occupied by a settler.

In ejectment for lands in Gloucester county, on a trial at bar.

Den, ex dem. Bickham, v. Pissant and Lardner.

In this case it was resolved, that if a juryman, challenged on account of his interest in the case, is examined on his *voir dire*, and does not disclose any interest, the party challenging is not precluded, as in the case of a witness, from establishing the fact of interest by other testimony.

John Blackwood, being called as a juror, informed the court that he did not consider himself as qualified to act in that capacity, having been one of the council of proprietors who had adjudged upon and allowed the survey under which the lessor of the plaintiff claimed, upon a *caveat* entered against it by the defendants. He therefore prayed the court to excuse him, but as neither party would challenge him—

PER CUR. A juror has no right to challenge himself, and we have no power to reject him on account of an objection which the law allows a party to make for his own benefit, but which, if he refuses, no other can offer.

To support the title of the lessor of the plaintiff, it was offered to introduce the minutes of the proceedings of the council of proprietors about a vacancy.

The court unanimously rejected the testimony, and—

PER KINSEY, C. J. So far as the proceedings of the council go to show a constitutional and legal location of rights, they are competent to go to the jury, but no further. The council have no other constitutional powers. The survey and record show what they have done, and their opinions or adjudications, or orders upon contested claims, ought not to be received as testimony to affect the parties to this cause.

The plaintiff produced a copy of an old map, made by one Thomas Sharp, on which was endorsed an agreement between the lessor of the plaintiff and the defendants, that it should be filed in the office of the surveyor general, which he offered in evidence. It was objected to.

[221] PER CUR. This map cannot be read in evidence, be-

cause not put on record, either by an order of the council of proprietors or by the consent of parties, which only extends to the filing of it.

After the plaintiff had rested, *R. Stockton*, for the defendant, moved for a non-suit, and alleged that the plaintiff had set up two distinct titles to the land in controversy.

1st. As heir to his father.

2d. As having himself acquired a title to land previously vacant. The first of these was out of the question, as he had produced no title from the proprietaries ; and as a possession of twenty years had been proved against him, it was incumbent upon him to establish a strictly legal title.

As to the vacancy, it appeared clearly that Martin Bickham, the father of the lessor of the plaintiff, was, during his life, in possession of his land, claimed it as his own, and had an adverse possession of forty years. That the lessor of the plaintiff purchased his rights in 1787 from Daniel Ellis, who never was in possession of the lands now claimed, which were then held and claimed by Lardner.

*Aa. Ogden*, contra.

1st. As heir, we have made a title to a part of the lands in question, for we have shown that Martin Bickham was in possession of both sides of the line in controversy, and that his brother Richard released to him.

2d. We have shown title from Billing and trustees. If the land had never been surveyed under a legal warrant, the proprietaries were in possession, and nothing can invalidate their rights but sixty years' adverse possession. He cited 1 *Str.* 608.

3d. As to maintenance, which is one of the grounds alleged against the plaintiff, it is altogether inapplicable. The question before the court is whether a person purchasing rights, is not entitled to locate them upon property legally vacant, though tortiously occupied by another. The statutes against

maintenance were clearly intended to guard against sales made with a view of disturbing the possession; or in other words, they prohibited the sale of a right to go to law. 1 [222] *Hawk.* 553. The statute of Henry does not declare the sales void. 1 *Hawk.* 554; 5 *Cro. Car.* 232, 3.

It has been customary to make locations of this kind; and there is a manifest and important difference between the proprietaries who sold a title to land of which they were not in possession, and other persons. *Runnington* 14.

The court unanimously refused the non-suit.

KINSEY, C. J. The question before the court is, whether the plaintiff has so far failed in the production of a title to the lands in controversy, as to impose it upon us as a duty to non-suit him.

It appears from the evidence that the plaintiff claims three pieces of land:

1st. Under a survey of two hundred and eighty-seven acres to himself.

2d. To a tract of one hundred and eighty-three acres, which Martin Bickham bought of Richard Bickham by deed dated January, 1732.

3d. To another small piece of land under a quit claim also executed between Richard and Martin Bickham.

He has produced two deeds dated in 1732 and 1749, and proved the possession of his father, from whom he claims as heir, under these deeds, till the time of his death. So that the plaintiff claims one part as vacant, the other two parts as heir to his father.

The defendant has yet offered no title, nor can we at this period presume that he has any. All that has yet been alleged in favor of his right is an adverse possession of upwards of twenty years, which it is contended tolls the right of entry of the lessor, so that he cannot recover in an action of ejectment, which is a mere possessory action.

Another ground upon which he expects to defeat the claim

R

of the plaintiff is afforded by the statutes against buying pretended titles.

In New Jersey, the action of ejectment has always been considered as on the same footing with a writ of right. It has been too solemnly settled to be now disputed, that the statute of *James*, (*Stat.* 21 *Jac.* I., *c.* 16; 3 *Ruffhead* 100,) does not extend here; and, therefore, all [223] the legal consequences arising from that statute, one of which is, that twenty years' adverse possession, like a descent cast, tolls an entry, fall to the ground. This objection, therefore, cannot be supported.

As to the statutes against maintenance, or the common law provisions against that offence, they furnish no grounds upon which we ought to interfere, and to prevent the cause from going to the jury in this case.

It appeared that the defendant claimed title under a will which the plaintiff contended was a forgery, alleging that Hanby, one of the attesting witnesses, was dead before the time when the instrument purported to be executed. To establish this fact, he offered in evidence the deposition of Silvester Sharp, taken before Joseph Hugg, commissioner of bail and affidavits, which, it was contended, was admissible in evidence under the act of assembly.

*Stockton* objected to the introduction of this testimony—

1st. Because when taken there was no suit pending.

2d. Because it was never contemplated by the legislature to be introduced in actions of ejectment.

KINSEY, C. J., and CHETWOOD, J., thought the first reason decisive—there was no cause pending when the deposition was taken.

SMITH, J.    Both reasons are good.

Evidence rejected.

The defendants produced testimony to show that Hanby was alive after the date of the will, and the whole cause going to the jury, they found a verdict for defendants.